UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| SUSAN SPERL | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:12-0255 |
| | ] | Judge Campbell |
| UNITED STATES OF AMERICA | ] | |
|     Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Alderson Federal Prison Camp in Alderson, West Virginia. She brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct her sentence.

**A.) Background**

On April 11, 2007, a nine count indictment was issued charging the petitioner with three separate schemes to falsify income tax returns submitted to the Internal Revenue Service (IRS). United States v. Susan Sperl, Criminal No.3:07-00078 (M.D. Tenn.)(Trauger, J., presiding); Docket Entry No.1.

Counts six and seven of the indictment, charging the petitioner with failure to file an income tax return, were dismissed on motion of the government. *Id.* at Docket Entry No.295. Counts one and two were tried before a jury (Sperl I). The

1

petitioner waived her right to have a jury decide Counts three, four, five, eight and nine, choosing instead to have a bench trial on these charges (Sperl II). *Id.* at Docket Entry No.59.

In Sperl I, the jury found petitioner guilty of Counts one and two.[1] *Id.* at Docket Entry No.163. Following a bench trial, Judge Trauger found the petitioner guilty of Counts three, four, five, eight and nine of the indictment.[2] *Id.* at Docket Entry No.273.

For these crimes, the petitioner received a sentence of thirty six (36) months in prison, to be followed by three years of supervised release. *Id.* at Docket Entry No.295. On appeal, the Sixth Circuit Court of Appeals affirmed each conviction and the sentence. *Id.* at Docket Entry No.310.

### B.) Procedural History

On March 9, 2012, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking the convictions. In her motion, the petitioner raises four claims for relief. These claims include

> (1) the prosecution wrongfully withheld the affidavit that Barbara Beamer (petitioner's sister) gave to IRS agent Carla Gambino;

---

[1] Count one of the indictment charged the petitioner with conspiracy to defraud the United States. Count two alleged that the petitioner had aided and assisted in the preparation of a false income tax return.

[2] These counts included conspiracy to defraud the United States, filing a false income tax return, and three counts of aiding and assisting in the preparation of a false income tax return.

2

> (2) counsel representing the petitioner during her jury trial (Sperl I) was ineffective because he withheld the testimony of witnesses and allowed the presentation of false evidence and uncorroborated testimony;[3]
>
> (3) counsel representing the petitioner at her bench trial (Sperl II) were ineffective because they did not impeach the credibility of Deborah Dotson by introducing the obituary of Dotson's late husband, John;[4] and
>
> (4) two IRS agents, Paul Connors and Carla Gambino, suppressed exculpatory evidence.

The Court conducted a preliminary review of petitioner's motion, as it is obliged to do, and found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.4) entered March 15, 2012, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court is the government's Response (Docket Entry No.10) to the petitioner's motion, to which the petitioner has filed a Reply (Docket Entry No.20). Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. see Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively

---

[3] At her jury trial, the petitioner was represented by David Heroux, a member of the Davidson County Bar.

[4] At her bench trial, the petitioner was represented by Kathleen Morris and Paul Bruno, both members of the Davidson County Bar.

shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### C.) Analysis of the Claims

**1) Procedurally Defaulted Claims**

Claims that were available to a criminal defendant but were never raised on direct appeal are procedurally defaulted in a subsequent § 2255 proceeding. Bousley v. United States, 523 U.S. 614 (1998).

The petitioner alleges that the prosecution improperly withheld the affidavit of Barbara Beamer (Claim No.1).[5] The affidavit was originally prepared and presented as an exhibit in a civil action to which the petitioner was a party. *See* United States v. Sperl, No.3:06-0175 (M.D. Tenn.)(Echols, S.J., presiding); Docket Entry No.4-30. The affidavit was filed in that case (3/3/06) well before the petitioner ever faced criminal charges. Thus, the petitioner knew about the existence of the affidavit before her trials and could have raised this claim on direct appeal of her convictions. Having failed to do so, the petitioner has procedurally defaulted her review of this claim.

Nevertheless, the petitioner can overcome the procedural default of this issue by demonstrating cause for her failure to

---

[5] The affidavit of Barbara Beamer is found in the record at Docket Entry No.10-1.

raise it previously and actual prejudice resulting from the alleged constitutional violation. Peveler v. United States, 269 F.3d 698-700 (6th Cir. 2001). Should the petitioner be unable to show both cause and prejudice, her procedural default can still be excused if review of the issue is needed to prevent a miscarriage of justice, as happens with the conviction of one who is actually innocent. Hampton v. United States, 191 F.3d 695, 698-99 (6th Cir. 1999).

The petitioner alleges that her failure to raise this issue on direct appeal was due to counsel's advice. Docket Entry No.1 at pg.4. She has not asserted, however, that this advice was defective. Nor has the petitioner shown any prejudice arising from the prosecution's alleged failure to present her with a copy of the affidavit prior to trial. In addition, the petitioner has offered nothing to suggest that this claim should be reviewed to prevent a miscarriage of justice. As a consequence, this claim can not be considered on the merits due to petitioner's unexcused procedural default.

The petitioner also claims that two IRS agents suppressed exculpatory evidence (Claim No.4). More specifically, the petitioner complains that the agents threatened Michael Ray with incarceration in order to coerce him into testifying against her and that "the tax returns presented to the court were not valid tax returns and had never been submitted to the IRS as filed returns". Docket Entry No.1 at pg.8.

5

The petitioner could have raised this claim on direct appeal but failed to do so. She has made no showing of cause or prejudice sufficient to excuse such a procedural default. Therefore, this claim is likewise not subject to review.

**2) Ineffective Assistance of Counsel Claims**

The petitioner's remaining claims allege that she was denied the effective assistance of counsel. During her jury trial, counsel was ineffective for allegedly withholding the testimony of witnesses and allowing the presentation of false evidence and uncorroborated testimony (Claim No.2). During petitioner's bench trial, her attorneys were allegedly ineffective because they failed to impeach the credibility of Deborah Dotson by introducing the obituary of Dotson's late husband, John (Claim No.3).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>McMann v. Richardson</u>, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that her attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsels' errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all

6

significant decisions in the exercise of reasonable professional judgment. <u>Mallett v. United States</u>, 334 F.3d 491, 497 (6th Cir. 2003).

At her jury trial, the evidence showed that the petitioner aided Bryan Wolf and Harold Strong in hiding their money in offshore accounts for the purpose of evading taxes. Criminal No.3:07-00078; Docket Entry No.310 at pg.16. The evidence further showed that the petitioner told IRS agents that she was merely helping Wolf and Strong invest in coffee beans and textiles in Costa Rico. Both Wolf and Strong testified at trial that the petitioner had fabricated the story about Costa Rican investments in order to mask the true nature of their scheme - to evade taxes.

The petitioner argues that counsel was ineffective because he did not offer the testimony of three Californians who would have lent credence to the story of a Costa Rican investment. Counsel interviewed these potential witnesses and decided not to involve them in the trial. Docket Entry No.1 at pg.5. Given the testimony of Wolf and Strong, these witnesses could have further incriminated the petitioner as a participant in illegal activity. For that reason, counsel's decision not to offer this testimony was reasonable under the circumstances. In any event, the petitioner has failed to show a reasonable probability that the testimony of these witnesses would have changed the result of the trial.

The petitioner also contends that counsel allowed the

presentation of false evidence and uncorroborated testimony. She has neglected, however, to identify what evidence and testimony should have been challenged by counsel. Therefore, the petitioner has failed to show that she was denied the effective assistance of counsel during her jury trial.

The petitioner's final claim is that the attorneys representing her during the bench trial were deficient for failing to impeach the credibility of Deborah Dotson by introducing the obituary of Dotson's late husband, John.[6] Apparently, the petitioner believes that a description in the obituary of John Dotson as "a self-employed mechanic" was proof that Deborah Dotson had lied during the course of her testimony.[7]

In her testimony, Deborah Dotson stated that the petitioner prepared a tax return for the couple for the years of 2003 and 2004. Docket Entry No.10-2 at pg.3. On their 2003 tax return, Deborah Dotson testified that the petitioner had indicated that John Dotson operated a maintenance business. This, she said, was untrue given her husband's poor health. *Id.* at pgs.15-16. Deborah Dotson testified that the petitioner repeated the misinformation on

---

[6] The testimony of Deborah Dotson can be found in the record at Docket Entry No.10-2.

[7] The petitioner includes with this claim a reference to a prosecutor who told her "I'm sorry they found you guilty, I know what you were trying to do." Docket Entry No.1 at pg.7. Because this statement in no way impugns the conduct of defense counsel, the Court finds that the prosecutor's statement is not germane to petitioner's ineffective assistance claim.

their 2004 tax return. *Id.* at pg.20. When he was able to work, Deborah Dotson acknowledged that her husband took light maintenance jobs through a temporary employment agency. *Id.* at pg.39.

The petitioner has not specifically identified in what way Deborah Dotson perjured herself. Nor has she shown in what way the introduction of John Dotson's obituary would have been of benefit to the defense. Accordingly, in the absence of a showing of deficient conduct and some resulting prejudice, the petitioner was not denied the effective assistance of counsel during her bench trial.

### D.) Conclusion

Having carefully considered the § 2255 motion, the government's Response and the petitioner's Reply to the government's Response, the Court can find no reason to vacate, set aside or correct petitioner's sentences. Her motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

                                          *[signature]*
                                          Todd Campbell
                                          United States District Judge